Tina CONNER, Appellant,

v.

Paul E. PATTON, Individually and as Governor of The Commonwealth of Kentucky; and Commonwealth of Kentucky, Appellees.

No. 2003–CA–000170–MR.

Court of Appeals of Kentucky.

April 16, 2004.

Tina Conner, Guthrie, pro se.

Sheryl G. Snyder, Louisville, KY, for appellee Paul E. Patton, Individually and as Governor of The Commonwealth of Kentucky.

Anita M. Britton, Kymberly T. Wellons, Lexington, KY, A.B. Chandler III, Attorney General, Frankfort, KY, for appellee Commonwealth of Kentucky.

Before BARBER, SCHRODER and VANMETER, Judges.

## OPINION

VANMETER, Judge.

This is an appeal from an order entered by the Franklin Circuit Court dismissing appellant Tina Conner's claims against the Commonwealth of Kentucky. The order also dismissed two counts of an amended complaint against Paul E. Patton, both individually and as Governor of the Commonwealth of Kentucky. For the reasons stated hereafter, we affirm.

This matter arose out of the sexual relationship which the parties admit existed between Conner and Patton during a portion of the latter's tenure as governor. During that time, Conner was a Democratic "political contact person" in Hickman County. She also was the owner/operator of a nursing home which was licensed and regulated by the state, and she was a partner in a construction company. According to Conner's brief on appeal, she terminated her relationship with Patton and then found that her construction business "no longer had access to public construction projects and her nursing home suffered from a pattern of harassment from agencies" under Patton's control, eventually leading to the closing of the nursing home.

Conner filed this action against Patton and the Commonwealth, raising various claims including sexual harassment, intentional infliction of emotional distress, outrage, defamation and waste. The trial court eventually dismissed all claims against the Commonwealth. The court also dismissed the sexual harassment and waste claims against Patton, both individually and in his official capacity. This appeal followed.

Conner contends on appeal that the trial court erred by finding that her sexual harassment claims should be dismissed because she was not employed by Patton or the Commonwealth, and her claims did not fall within the protections established by the Kentucky Civil Rights Act, KRS 344.010, et seq. We disagree.

■ This court looks to federal law in interpreting KRS Chapter 344, which in part prohibits sexual harassment relating to employment relationships. *See Tiller v. University of Kentucky*, Ky.App., 55 S.W.3d 846, 849 (2001). To prevail on a claim of sexual harassment, an employee must show that the alleged harassment "changed the terms and conditions of employment and created a hostile or abusive work environment." *Underhill v. Caudill*, 186 F.Supp.2d 736, 740 (W.D.Ky.2001).

However, individual agents or supervisors who do not otherwise qualify as employers cannot be held personally liable in their individual capacities under KRS Chapter 344. *Wathen v. General Electric Co.*, 115 F.3d 400, 404 (6th Cir.1997); *Walker v. MDM Services Corporation*, 997 F.Supp. 822, 823 (W.D.Ky.1998).

■ Here, there was no evidence that Conner was denied access to housing, insurance, financial services, public accommodations, or government-supported facilities in violation of KRS Chapter 344. *See* KRS 344.145, 344.360, 344.367, 344.370, 344.380, 344.680. Moreover, as the record clearly shows that Conner did not have an employment relationship with either Patton or the Commonwealth, Patton was not an employer who could be found to have sexually harassed Conner so as to incur personal liability under KRS Chapter 344. *See Wathen*, 115 F.3d at 404.

■ Further, the court did not err by rejecting Conner's claim that appellees retaliated against her by failing to issue certain nursing home licenses. Although on appeal Conner describes herself as an "owner/operator/licensee of a nursing home," the nursing home is not a party to this action. More important, there is nothing in the record to suggest that Conner individually was a potential licensee who suffered discrimination at the hands of a licensing agency which was responsible for "the issuing of licenses or the setting of standards which an *individual* must hold or must meet as a condition to practicing a particular trade or profession[.]" KRS 344.010(11) (emphasis added). *See also* KRS 344.050(2). Thus, appellant's allegations regarding the denial of a license simply cannot amount to actionable conduct.

Next, Conner asserts that the court erred by finding that sovereign immunity exempted the Commonwealth from liability for her claims of emotional distress, outrage and defamation. The Kentucky Supreme Court in fact held in *Department of Corrections v. Furr*, Ky., 23 S.W.3d 615 (2000), that sovereign immunity is waived as to claims brought under KRS Chapter 344. Nevertheless, the trial court did not err by dismissing this claim since, in the absence of an employment, licensing, or other relationship between Conner and the Commonwealth which would trigger the protections of KRS Chapter 344, Conner's claim against the Commonwealth is meritless on its face.

■ Finally, the court did not err by dismissing Conner's claim that Patton violated her civil rights in his official capacity as governor. As noted in *Commonwealth of Kentucky Board of Claims v. Harris*, Ky., 59 S.W.3d 896, 899 (2001), *quoting Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985),

> [o]fficial capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Simply put, Conner's claim against Patton, in his official capacity as governor, is legally indistinguishable from her claim against the Commonwealth. Hence, this claim also must fail due to the absence of any relationship with Conner which would trigger the protections of KRS Chapter 344.

The court's order is affirmed.

ALL CONCUR.