Mary KEARNEY, Appellant,

v.

CITY OF SIMPSONVILLE, Appellee.

No. 2005–CA–002052–MR.

Court of Appeals of Kentucky.

July 14, 2006.

Discretionary Review Denied by
Supreme Court Jan. 18, 2007.

Samuel G. Hayward, Philip C. Kimball,
Louisville, KY, for appellant.

Stanley W. Whetzel, Jr., Ruth Ann Cox
Pence, Louisville, KY, for appellee.

Before: HENRY and MINTON,
Judges; HUDDLESTON, Senior Judge.[1]

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

MINTON, Judge.

The question before us in this appeal is whether the elected mayor and city commissioners of the City of Simpsonville ("the City") are employees of the City for purposes of meeting the minimum number of employees required for an employer to fall within the coverage of the Kentucky Civil Rights Act ("the KCRA"). We hold that they are employees and that the KCRA applies.

The facts germane to this appeal are simple and uncontradicted. Kearney was employed as the Parks and Recreation Director for the City from August 2002 until her termination in February 2005. Kearney then sued the City claiming that her discharge violated the KCRA's prohibition on gender discrimination. The City moved to dismiss Kearney's complaint contending that the circuit court lacked jurisdiction because the City was not an employer, as that term is used in the KCRA, because it did not have eight employees.[2] The City supported its motion with an affidavit of its City Clerk, Debra Batliner, asserting that the City had only seven employees. Kearney attached to her response an affidavit from her husband and a purported letter from a former City administrator. Kearney contended that the City's duly-elected mayor and commissioners should be counted as City employees, which raised the employee count above the jurisdictional minimum. The trial court apparently disagreed with Kearney's position because it issued an order, which reads in its entirety as follows:

Motion having been made and the Court having been sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Complaint be dismissed with prejudice for lack of jurisdiction over the Defendant.

So ordered this 6th day of Sept., 2005.

Dissatisfied, Kearney filed this appeal.

The question of whether Kearney actually was improperly discharged due to her gender is not before us. And Kearney does not take issue with the City's representation that it has only seven employees apart from its mayor and city commissioners. So the only issue in this appeal is whether the mayor and city commissioners should be counted as employees for purposes of reaching the threshold number of employees required for the City to be an employer covered by the KCRA. This issue is apparently one of first impression in Kentucky.

■ Before we address the merits of Kearney's argument, however, we must identify the precise procedural nature of the issue before us. In the case at hand, the City's claim that it does not meet the statutory definition of employer is, in reality, a claim that the trial court lacked jurisdiction over it for purposes of the KCRA. Thus, though the trial court's terse order did not specifically state the grounds for dismissing Kearny's complaint, we believe that the trial court relied upon Kentucky Rules of Civil Procedure (CR) 12.02(b), which requires a court to dismiss any claims against a defendant over whom the trial court lacks jurisdiction. Since this appeal involves no questions of fact but only the proper legal interpretation of a statute, we owe the trial court's decision no

**2.** KRS 344.030(2) defines an employer, in relevant part, as "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year[.]" It is uncontested that the City is, for purposes of the KCRA, a person as the term "person" is defined to include "the state, any of its political or civil subdivisions or agencies." KRS 344.010(1).

deference.[3] Indeed, our main objective is to interpret the KCRA according to its plain language and to effectuate the General Assembly's legislative intent.[4]

We begin our analysis by noting that the term "employee" is defined in the KCRA with language that offers little guidance. Under the KCRA, an employee is "an individual employed by an employer[.]"[5] Because that definition is of no assistance to resolving the question before us, we must turn to the federal law for guidance. We are permitted to do this because the KCRA was modeled after federal law. In fact, the courts of the Commonwealth often look to federal law for guidance on interpreting the KCRA.[6] Under federal law, elected local officials are clearly not employees because 42 U.S.C. § 2000e(f) explicitly says that "the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof . . . ." Likewise, the Fair Labor Standards Act expressly provides that elected local officials are not to be considered employees.[7]

■■■ But the General Assembly chose not to use similar language in the KCRA to exempt local elected officials from being considered employees. This omission is rendered even more striking by the fact that the KCRA is expressly modeled after federal civil rights law and contains similar language and exclusions from coverage. We have previously observed that the KCRA is "virtually identical" to the Federal Civil Rights Act.[8] It is a fundamental, "primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned."[9] So, by virtue of the fact that the General Assembly chose not to exclude elected local officials from being employees under the KCRA while otherwise closely tracking the federal statutes, we must conclude that the General Assembly did not intend for such elected officials to be excluded from coverage as "employees."

■■■ Furthermore, it is clear that, generally, elected officials in Kentucky are not considered "employers" for purposes of the KCRA.[10] Thus, if we adopt the City's position, local elected officials are placed in a legislative limbo where they are neither employers nor employees. Such a construction is illogical since one who earns a salary from a municipality must logically be working as an employer or an employee.

■■■ Finally, we acknowledge that the KCRA is to be interpreted broadly in order best to achieve its anti-discriminatory goals.[11] Were we to adopt the City's posi-

3. *Cabinet for Families and Children v. Cummings,* 163 S.W.3d 425, 430 (Ky.2005).

4. *Id.*

5. KRS 344.030(5).

6. *Howard Baer, Inc. v. Schave,* 127 S.W.3d 589, 592 (Ky.2003). *See also* KRS 344.020(1)(a) (holding that one of the purposes underlying the KCRA is to provide for execution within Kentucky of the policies embodied in the various federal civil rights acts.).

7. *See* 29 U.S.C. § 203(e)(2)(C)(ii)(I).

8. *Stewart v. University of Louisville,* 65 S.W.3d 536, 539 (Ky.App.2001).

9. *Smith v. Wedding,* 303 S.W.2d 322, 323 (Ky. 1957).

10. *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997); *Conner v. Patton,* 133 S.W.3d 491 (Ky.App.2004).

11. KRS 446.080(1) ("[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature[.]").

tion, then the alleged wrong suffered by Kearney would be outside the bounds of the KCRA, through no fault of Kearney's. So we believe that finding local elected officials to be employees under the KCRA helps best to further the KCRA's overriding purpose.

Having concluded that the City's elected officials are "employees" for purposes of the KCRA, we hold that the trial court erred by finding that the City did not have enough employees to fall within the ambit of the KCRA. We reverse the Shelby Circuit Court's order dismissing this action and remand this matter for further proceedings consistent with this opinion.

ALL CONCUR.