RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1104-MR

MELISSA NEALE          APPELLANT

v.        APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 18-CI-03224

GARY GINN, CORONER AND
LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Melissa Neale appeals the Fayette Circuit Court's August 10, 2020 order granting summary judgment on behalf of Gary Ginn and the Lexington-Fayette Urban County Government (LFUCG). Neale contends the court erred in granting the judgment because: (1) LFUCG was her employer and, therefore, liable for the actions of Ginn, and (2) taken in a light most favorable to Neale,

averments of Ginn's actions established the creation of a hostile work environment. Finding no error, we affirm.

## BACKGROUND

In 2003, the people of Fayette County elected Gary Ginn as Coroner. An elected coroner is authorized to hire and fire his own employees, but LFUCG sets the salary for that employee and is involved in budgetary issues. *See* KRS[1] 64.185.

In 2015, after resigning from her previous position at the Fayette County Detention Center, Neale began her employment as a deputy coroner in Fayette County. During her previous employment at the Detention Center, Neale attended sexual harassment training and understood her obligation to report such incidents in the workplace but was never required to sit through such training for this new employment.

When Neale started working under Ginn, she perceived the work environment as unprofessional. According to Neale, Ginn made multiple workplace comments about females and told ribald jokes—essentially, according to her, making the workplace a "men's locker room" environment. For two years, Neale endured the environment as it was, causing her such distress that she decided to find new employment. She gave her resignation letter on June 5, 2017, but

---

[1] Kentucky Revised Statutes.

-2-

never mentioned a problem with the work environment, only stating she obtained new employment. In very little time, her new employment did not work out. Ginn allowed Neale to rescind her resignation letter and stay long term. Then, Neale became aware of another job offer and resigned from employment with the Coroner a second time.

Upon leaving, Neale reported Ginn's conduct to City Councilwoman Susan Lamb. Lamb instructed Neale to file a complaint with the Human Resource Department, which Neale did on June 26, 2017. She was interviewed by Human Resources and presented a seven-page document complaining Ginn engaged in inappropriate comments, favoritism, misuse of public funds, and improperly handling bodies in his custody.

On November 15, 2017, the Human Resources' investigation into Ginn was completed. The report revealed a dilemma that, under Section 99 of the Kentucky Constitution, the office of the Coroner is an elected office separate and independent from the LFUCG; therefore, its employees are excluded from urban county government under KRS 67A.210. The report showed that although the Coroner's payroll is funded by the LFUCG, its employees are unclassified employees in the LFUCG payroll system and hired, supervised, and controlled by the Coroner. The investigation substantiated four occasions on which Ginn engaged in sexual innuendo, sexual banter, and inappropriate conduct; however,

LFUCG could only make recommendations to establish a harassment policy and training because it had no control over the Coroner.

Shortly after the investigation report came out, Neale filed a charge of discrimination with the Lexington Fayette Human Rights Commission, where she identified her employer as the Fayette County Coroner's Office. A year later, Neale filed her lawsuit in Fayette Circuit Court. This time, her complaint included LFUCG as a "joint employer" liable under KRS 344.030 for sexual harassment perpetrated by Ginn.

In response, LFUCG moved to dismiss the claim because Neale is not considered an employee of LFUCG. That motion was overruled. However, after the case was pending for over a year, LFUCG and Ginn moved for summary judgment. Ultimately, the circuit court granted the motion because there were no genuine issues regarding the material fact that Neale was not an employee of LFUCG, and because she failed to present sufficient evidence to create a genuine issue that she was subjected to sexual harassment under KRS 344.030.

This appeal followed.

**STANDARD OF REVIEW**

"The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is 'no genuine issue of material fact and the moving party

is entitled to a judgment as a matter of law.'" *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (quoting Kentucky Rules of Civil Procedure (CR) 56.03). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Id.* (citing *Malone v. Kentucky Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

## ANALYSIS

The circuit court granted summary judgment to LFCUG and Ginn for separate reasons. According to the order, because LFCUG was not Neale's employer, there was no issue of material fact that it could be liable for sexual discrimination by Ginn. Additionally, the conduct of which Neale complained did not raise a genuine issue of material fact demonstrating the existence of a sexually hostile work environment. We agree with the circuit court's ruling.

We begin by determining whether Ginn's conduct in the workplace raises issues of a material fact. In determining if circumstances support a claim for a sexually hostile work environment, the Supreme Court of the United States has determined courts must look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998) (internal quotation marks and citation omitted). However, it has "never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words have sexual content or connotation." *Oncale v. Sundowner Offshore Services, Inc*. 523 U.S. 75, 80, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998). Conduct that is "merely offensive" will not support a claim for a hostile work environment. *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993). The Sixth Circuit even held that the Civil Rights Acts were "not designed to purge the workplace of vulgarity." *Black v. Zaring Homes, Inc*., 104 F.3d 822, 826 (6th Cir. 1997) (citation omitted).

Here, Ginn made inappropriate comments and jokes while on the job, but that does not mean his conduct creates a hostile work environment. Although, Neale argues that *Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263 (6th Cir. 2009), suggests the equivalency of "locker room environments" and a hostile work environment, the facts of that case and this are not comparable. In *Gallagher*, the locker room banter was directed at the plaintiff. She was taunted by her male co-workers, had to rebuff sexual advances, and was called derogatory names. The co-workers shared photographs of naked women, including their own girlfriends, while discussing sexual fantasies, telling graphic jokes, and

commenting on their own sex lives. That is a stark difference from Ginn's actions in this case. Ginn never made advances toward Neale, never touched her in a sexual way, did not call her derogatory terms, and did not share intimate details about his life. Neale even acknowledged the comments were directed toward the male employees—not her. Ginn's actions may have been inappropriate and vulgar, but it did not rise to a level of sexual harassment. Therefore, the circuit court was correct in granting summary judgment in favor of Ginn. There are no genuine issues of material fact relating to the existence of a sexually hostile work environment.

Neale also argues that the circuit court erred by granting summary judgment for LFUCG because they were her employers. We disagree, given that KRS 67A.210(1)(h)(7) specifically excludes constitutional officers and their appointees as "employees" of LFUCG, we must conclude the circuit court's order is sound in ruling LFUCG was not Neale's employer. Neale argues that elected officials are not considered employers for the sake of the Kentucky Civil Rights Act, according to *Kearney v. City of Simpsonville*, 209 S.W.3d 483, 484 (Ky. App. 2006). However, we need not address this issue, as the circuit court was correct in granting summary judgment for a lack of material facts supporting the merits of the claim itself. Because Ginn's actions as described in the complaint and supported by the record do not support a claim that Ginn created a sexually hostile work

environment, LFUCG cannot be held liable, without regard to whether it was Neale's employer.

## **CONCLUSION**

For the foregoing reasons, we affirm the Fayette Circuit Court's August 10, 2020 order granting summary judgment on behalf of LFUCG and Ginn.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shane Sidebottom
Covington, Kentucky

BRIEF FOR APPELLEE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT:

Barbara A. Kriz
Lexington, Kentucky

BRIEF FOR APPELLEE GARY GIN:

Cynthia L. Effinger
Louisville, Kentucky

Stephen G. Amato
Lexington, Kentucky