Patricia STEWART, Appellant,

v.

Eladio MADERA, Appellee.

No. 86–CA–1222–MR.

Court of Appeals of Kentucky.

Feb. 5, 1988.

Jean Acton, Louisville, for appellant.

Eladio Madera, Shelbyville, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

McDONALD, Judge:

Patricia Madera Stewart has appealed from the judgment of the Bullitt Circuit Court rendered in a postdissolution action for modification of child support. The marriage of the appellant and the appellee, Eladio Madera, was dissolved in 1981. At that time the parties entered into an agreement which provided that Mrs. Stewart would have custody of the parties' four children, then ranging in age from six years to nine years, and that Mr. Madera would pay child support of $30 per week per child. There were no provisions for maintenance in the agreement and the only property Mrs. Stewart received was some furniture and her personal effects.

Although Mr. Madera had earnings ranging from $27,000 to $36,000 annually in the years between 1981 and 1985 inclusive, he was nevertheless frequently substantially in arrears in meeting his support obligation. Mrs. Stewart was forced to obtain counsel and institute garnishment proceedings to collect more than $2,300 owed in October, 1985. Also at that time she commenced this action, seeking an increase in child support to $275 per week, a wage assignment to secure the timely payment of support, and her costs and attorney's fees.

The trial court did not conduct a hearing on her motion for nearly six months. By the time the hearing was finally held, Mrs. Stewart had collected the arrearages by garnishment. Because there was no present arrearage, the court declined to order a wage assignment. The trial court, however, found that an increase in child support was warranted, having concluded that changes in Mrs. Stewart's situation had caused the original support agreement to be "manifestly unfair and inequitable." It awarded her an increase in the support of $4.50 per week per child. Mr. Madera was thus ordered to pay $138 per week for his children's support instead of $120. Finally, the court awarded Mrs. Stewart $200 of her $1,500 attorney's fees.

In this appeal Mrs. Stewart argues that the amount of the increase was unreasonable and thus constituted an abuse of discretion, that the court abused its discretion in failing to order a wage assignment, and that the trial court should have awarded her a greater sum for her attorney's fees. Mr. Madera has not filed a brief. Because Mrs. Stewart did not name her attorney as a party to this appeal, we will not review the court's judgment as it pertains to the issue of her attorney's fees. *Wilhelm v. Wilhelm*, Ky., 504 S.W.2d 699 (1973).

We agree with that the trial court abused its discretion in its meager increase of the

child support award. It is undisputed that Mrs. Stewart sustained her burden of proof concerning the existence of a change in circumstances as required by KRS 403.250 so as to be entitled to a modification of child support. The court made extensive findings concerning the parties' respective financial situations and the needs of the children; however, the court's token increase of $18 to $138 per week is totally inadequate and is contradictory to its own conclusion that $120 per week was "unconscionable."

When considering a motion to modify support, and having concluded that there are changes sufficient to warrant the modification of child support, the trial court must determine the new amount by analyzing the evidence in terms of the factors set out in KRS 403.210.[1] The trial court simply did not make an award based on the criteria in this statute and obviously did not have the welfare of the four children uppermost in mind when determining the amount of increase.

Mrs. Stewart is the single mother of four children, all of whom are now teenagers. She has no property of her own. She does not have an automobile. The only source of income for her family is the child support from Mr. Madera, which frequently has not been forthcoming, and $233 per month in food stamps. This computes to an annual income of $9,972 or a monthly income of $831. Even if the demands of raising four teenagers were such that she could find outside employment, she has limited skills and only a sixth-grade education. Mr. Madera has remained single since the dissolution. He has no legal dependents

other than these four children. He earns a comfortable living ($36,088 in 1984, $34,140 in 1985) and owns a Lincoln Town Car, a recreational vehicle and a fishing boat. The monthly payment on his RV and the sums he spends on gasoline to operate his various motor vehicles are greater than the amount the trial court has required him to expend for the support of his children. Such a flagrant case of misplaced priorities cannot be countenanced by this Court nor by our trial courts. *See Robinette v. Robinette,* Ky.App., 736 S.W.2d 351, 355 n. 8 (1987).

Mr. Madera's support obligation amounts to about 20% of his income. With 80% of his income available for his own support, his standard of living has increased since the dissolution while Mrs. Stewart and the parties' four children have been relegated to the ranks of those living below the poverty level. The numbers of women and children living in poverty are a growing problem nationally and are even more pronounced in Kentucky.[2] We recognize that the economic realities of divorce rarely are such that the parties can maintain two separate households equal to that enjoyed during the marriage. Nevertheless, it is not the children of the marriage who are to suffer the brunt of the shortfall. KRS 403.210 *Johnson v. Johnson,* Ky., 438 S.W.2d 493 (1969). Both our statutory scheme and our case law demand that whenever possible the children of a marriage should be supported in such a way as to maintain the standard of living they would have enjoyed had the marriage not been dissolved. KRS 403.210(3); *New-*

---

1. "403.210. Child support.—In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
    (1) The financial resources of the child;
    (2) The financial resources of the custodial parent;
    (3) The standard of living the child would have enjoyed had the marriage not been dissolved;

    (4) The physical and emotional condition of the child, and his educational needs; and
    (5) The financial resources and needs of the noncustodial parent."

2. In 1986 the poverty threshold for a family of four was $11,203. For families headed by women with children under 18 in Kentucky the poverty rate was 43.6% for families headed by white women and 62.2% for families headed by black women. *See Women and Poverty in Kentucky,* by the Center for Business and Economic Research, University of Kentucky, for the Kentucky Commission on Women, Commonwealth of Kentucky (1987).

*man v. Newman,* Ky., 597 S.W.2d 137, 140 (1980); *Robinette v. Robinette, supra.*

Mrs. Stewart testified to needs her children have that she cannot possibly provide on the support Mr. Madera provides. She also testified of the hardship imposed by Mr. Madera's failure to pay the support with any regularity. The children have been deprived of clothing, electricity and recommended psychological counseling because of his failure to pay an adequate sum of support and to pay it on a regular basis. Under the circumstances we believe the trial court also erred in failing to order a wage assignment pursuant to KRS 405.465. Mr. Madera is living proof that he will voluntarily pay only when the spirit moves him.

Thus, we are remanding this matter to the Bullitt Circuit Court for a determination of an appropriate amount of child support consistent with this opinion, and for the imposition of a wage assignment to ensure prompt payment of the support.

All concur.