Max DOWNEY, Appellant/Cross–Appellee,

v.

Gayle Downey ROGERS, Appellee/Cross–Appellant.

Nos. 91–CA–2281–S, 91–CA–2411–S.

Court of Appeals of Kentucky.

Feb. 12, 1993.

Craig Cox, Bertram & Cox, Campbellsville, for appellant/cross-appellee.

Ray Hutchison, Jr., Columbia, for appellee/cross-appellant.

Before LESTER, C.J., and EMBERTON and McDONALD, JJ.

McDONALD, Judge.

The appellant, Max Downey, has appealed from the judgment of the Adair Circuit Court entered after a post-judgment hearing on Downey's motion to modify his child support obligation. The appellee, Gayle Downey Rogers, has taken a cross-appeal from the judgment which reduced Downey's child support.

The parties were married in 1973 and divorced in 1986. Max is a self-employed optometrist who earns over $32,000 per year. Gayle, a legal secretary, earns about $16,000 annually. The parties executed a property settlement agreement in which they agreed that custody of the three children, then ages 9, 7 and 3 years old, would be shared jointly and that Max would pay Gayle the sum of $760 per month for child support. The agreement was determined

not to be unconscionable in the final decree entered in October, 1986.

After the dissolution the parties not only shared joint legal custody of the children but shared physical possession of the children on an equal basis. The children spent every other week with each parent. In 1991 Max moved the court to reduce the amount of child support, alleging that he had "suffered financial reverses and [had] current liabilities, both business and personal" which made it impossible to pay the $760 sum. The court, after conducting an evidentiary hearing, reduced Max's support obligation to $682 by utilizing the tables in KRS 403.212.[1]

In his appeal Max contends he should owe no support at all or, at most, should be required to pay only 50% of the required amount. He summarizes this argument as follows:

> Both parents owe the duty and obligation of support. There is not [sic] basis to make the father pay to the mother, where the custody is joint, and the time equal, and not require a monetary contribution from the mother.

In her cross-appeal Gayle contends there should have been no reduction in the amount of support as the appellant experienced no material change in circumstances. She relies on KRS 403.213(2), which provides:

> (2) Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances. Application which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances. For the one (1) year period immediately following enactment of this statute, the pre-

sumption of material change shall be a twenty-five percent (25%) change in the amount of child support due rather than the fifteen percent (15%) stated above.

■■■■ Max's argument that no support should be ordered where the parties have equal physical possession of the children is without merit. Many, if not most, expenses necessary to provide a home continue throughout the month regardless of where the children reside. However, we recognize that where actual physical custody is fairly equal, expenses for items consumed on a daily basis, such as food, are substantially reduced for the parent without possession.

Our statutory scheme for setting child support does not address every possible situation in which divorcing parents find themselves. It is apparent that the guidelines contemplate that the children, regardless of whether legal custody is joint or solely reposed in one parent, will primarily reside in one household and not be raised in two separate households. The reason for this is, as this Court has mentioned before, that few can maintain the same standard of living in two households as they did prior to dissolution. *See Stewart v. Madera,* Ky.App., 744 S.W.2d 437, 439 (1988). Further, joint custody, though not defined in KRS 403.270, has come to be considered as an arrangement whereby "both parents share decision-making in major areas concerning their children's upbringing," *Hardin v. Hardin,* Ky.App., 711 S.W.2d 863 (1984), and is not typically one where children are shuffled back and forth between residences. *See also, Burchell v. Burchell,* Ky.App., 684 S.W.2d 296 (1984).

■■■ While the Family Support Act does not address or contemplate the arrangement agreed to by these parties, we believe the statute provides sufficient flexibility to allow our trial courts to fashion appropriate orders. *Redmon v. Redmon,* Ky.App., 823 S.W.2d 463 (1992). KRS 403.211(2) specifically provides, "Courts may deviate from the guidelines where their application

---

**1.** The child support guidelines became effective July 13, 1990, with the reenactment of the Fami-

ly Support Act of 1988 (KRS 403.210 *et seq.*)

would be unjust or inappropriate." Subsection (3)(g) of the same statute allows the court, with appropriate findings, to deviate from the guidelines for any circumstance of an "extraordinary nature." Thus, we think it is clear that the trial court could take into consideration the period of time the children reside with each parent in fixing support, and could deviate from the guidelines for reasons advanced by the appellant, if convinced their application would be unjust.

The trial court in the instant case was not unaware of its discretion in this regard. In its order it recognized the custody arrangement as one creating a "unique situation for the payment of child support." It considered various alternatives but decided to utilize the guidelines without deviating therefrom. We find no abuse of discretion in this regard, particularly in light of the evidence showing appellant's greater ability to pay, and the fact that all expenses are not equally shared by the parties. Moreover, the parties negotiated the sum of $760 per month as child support at the same time they agreed to share equal possession of the children. In other words, nothing changed since the original agreement concerning custody that would make the payment of support unconscionable or unjust and mandate deviation from the guidelines.

In her cross-appeal Gayle alleges error in the court's modification because there was no showing of a material change in Max's circumstances. We agree. The reduction to $682 from $760 constituted neither the 25% difference or even 15% difference necessary to meet the statutory presumption of a material change.

The only change Max could demonstrate was a higher amount of debt since the dissolution. This factor was voluntarily undertaken by Max when, *after* the decree, he constructed a house valued at close to $150,000, and made purchases of a boat, motorcycle and pick-up truck. He also acquired a thoroughbred horse, the cost of training for which Max professed to be ignorant. Max did not show the children's needs to have decreased or Gayle's ability to respond to those needs to be any different. He did allege his business was not doing as well; however, the trial court took the fluctuations experience in his income from self-employment into consideration by averaging his income for five years.

It is axiomatic, we believe, that one cannot expect to be relieved from his child support obligation solely because he has taken on too much consumer debt. Support of one's children is a fundamental commitment which takes precedence over debts to one's creditors. In short, it is not the children of divorce who must suffer the consequences of their parents' folly of living beyond their means. *See Steward v. Madera, supra,* at 439.

Having failed to establish a change in support of 25% (or even 15%) by utilization of the guidelines, and having otherwise failed to overcome the presumption in KRS 403.213(2), the appellant failed in meeting his burden of proof. The trial court thus erred as a matter of law in modifying the support award in any amount.

Accordingly, the judgment of the Adair Circuit Court is reversed and remanded with directions to vacate the order modifying support.

All concur.