**Terri C BROWN (now Hays), Appellant,**

v.

**James Edward BROWN, Appellee.**

No. 95–CA–3144–MR.

Court of Appeals of Kentucky.

Feb. 7, 1997.

Discretionary Review Denied by Supreme Court Sept. 24, 1997.

Louie Guenthner, Jr., Louisville, for Appellant.

Armand I. Judah, Louisville, for Appellee.

Before COMBS, EMBERTON and GUDGEL, JJ.

### OPINION

COMBS, Judge.

The appellant, Terri C. Brown (now Hays), appeals from an order of the Jefferson Circuit Court requiring her to pay her former husband, James Edward Brown (Brown), $660.90 per month in child support for the three minor children of their marriage. On appeal, Hays makes several arguments in support of her basic contention that the trial court erred in not requiring Brown to pay child support as well. We disagree and affirm the court's order.

Hays and Brown were married on November 29, 1974; three children were born of the marriage. They separated on July 9, 1990, and the Decree of Dissolution was entered on January 9, 1991. The parties agreed that they share joint custody of all three children and that the children's primary residence would be with their father. Hays agreed to pay child support in accordance with the child support guidelines set forth in KRS 403.212.

On January 27, 1995, Brown filed a motion asking the court to increase child support

due to a change in Hays's employment status. Prior to this time, Hays had been temporarily unemployed, and the parties had agreed to a reduction in her support obligation. Once she re-gained employment, they could not reach an agreement as to support, prompting Brown's motion that ultimately gave rise to this appeal. On March 29, 1995, the Domestic Relations Commissioner (DRC) filed a report with the court recommending that the court increase Hays's child support payments. On April 13, 1995, Hays filed exceptions to the DRC's report on the grounds that the DRC failed to consider that the parties share joint custody of the children and that the children actually reside with her approximately 50% of the time. A hearing was held on September 11, 1995. On September 14, 1995, Hays filed a proposal of child support and asked the court to deviate from the guidelines set forth in KRS 403.212.

On October 20, 1995, the court ordered Hays to pay Brown $660.90 per month for child support. The court found that the children resided with Brown 60% of the time and with Hays the other 40%. Based upon this finding, the court determined that a deviation from the guidelines set forth in KRS 403.212 was appropriate. According to the guidelines, the parties' total (joint) child support obligation was $1,919.00 per month. The court deviated from the guidelines and calculated Hays's child support payments as $660.90—60% of $1,101.90, her child support obligation under the guidelines. On October 30, 1995, Hays filed a motion asking the court to reconsider its order. On November 6, 1995, the court overruled Hays's motion to reconsider. This appeal followed.

On appeal, Hays does not allege that the court erred in deviating from the guidelines set forth in KRS 403.212. Rather, she contends that pursuant to the court's findings, she is entitled to receive child support payments from Brown to cover the time when the children are in her custody. Using the same analysis employed by the court in calculating her child support payments, Hays argues that Brown should have to pay child support equal to 40% of $817.49, his child support obligation under the guidelines.

Pursuant to KRS 403.211(2), the courts "may deviate from the guidelines where their application would be unjust or inappropriate." Thus, the courts have the flexibility to fashion appropriate orders for situations not addressed by our statutory scheme. In *Downey v. Rogers,* Ky.App., 847 S.W.2d 63, 64 (1993), this Court held that the period of time the children reside with each parent may be considered in determining child support. We also noted the obvious fact that the expenses for daily, necessary items (such as food) are substantially reduced for the parent without possession of the children; *Downey,* too, recognized that many of these expenses continued throughout the month—regardless of where the children reside. *Downey, supra.*

In the case *sub judice,* we find no abuse of discretion by the court in deviating from the guidelines to give Hays a credit of 40% against her support obligation. However, we do not agree that the court erred in not ordering Brown to pay child support payments. The children's primary residence remains with Brown the court found that they reside with him 60% of the time. As a result of his designation as the primary custodian, Brown has an ongoing obligation to maintain a residence for the children on a permanent basis—regardless of the amount of time they may spend with their mother. Therefore, the continual nature of household maintenance expenses as recognized by *Downey, supra,* was a legitimate consideration by the trial court in refusing to order counterbalancing support by Brown to Hays for the 40% of the time they spent with her.

We find that the court's refusal to require Brown to pay child support is not clearly erroneous. For the foregoing reasons, we affirm the order the Jefferson Circuit Court.

GUDGEL, J., concurs.

EMBERTON, J., dissents by separate opinion.

EMBERTON, Judge, dissenting.

I respectfully dissent from the majority opinion.

The language of Ky.Rev.Stat. (KRS) 403.212 clearly establishes that parents are equally obligated to pay support for their minor children. Guidelines to be used in calculating the amount each parent is obligated to contribute also are adequately set forth.

Apparently neither party here disputes the amount found to be the total support obligation, $1,919. Based upon the income of each party, the trial court found Mrs. Hays to be responsible for contributing 57.4% of the $1,919 total support, i.e., $1,101.50. It found Mr. Brown to be responsible for contributing 42.6% of the $1,919 total support, i.e., $817.49. However, since the children live with Mrs. Hays 40% of the time and with Mr. Brown 60% of the time the trial court found that a deviation from the guidelines was appropriate. KRS 403.212.

I agree that the trial court is correct in its computation of Mrs. Hays' obligation as to her portion of the total support amount, and of its modification of that amount to reflect the relative time she and Mr. Brown share in the custody of the children. However, I believe it to be an abuse of discretion in failing to require Mr. Brown to make his modified contribution to Mrs. Hays.

Mr. Brown has custody 60% of the time, therefore, he should receive from Mrs. Hays 60% of her $1,101.49 obligation, i.e., $660.90.

Mrs. Hays has custody 40% of the time, therefore, she should received from Mr. Brown 40% of his $817.49 obligation, i.e., $327.

Obviously, the order should simply provide that Mrs. Hays pay to Mr. Brown the difference in the respective amounts, i.e., $333.90.

I would reverse and remand with instructions to calculate consistent with this dissent.