Stephen PLATTNER, Appellant

v.

Jacqueline PLATTNER, Appellee.

No. 2005–CA–002525–MR.

Court of Appeals of Kentucky.

June 29, 2007.

John A. Berger, Covington, KY, for appellant.

No Brief for Appellee.

Before COMBS, Chief Judge; NICKELL and WINE, Judges.

## OPINION

COMBS, Chief Judge.

Stephen P. Plattner appeals an order of the Kenton Circuit Court denying his request for a deviation from the Kentucky Child Support Guidelines. After reviewing this case and the pertinent legal authorities, we reverse and remand.

Stephen Plattner and his former wife, Jacqueline Levoir (formerly Plattner), are the natural parents of two minor children. At the time of their divorce in November 2001, the parties were awarded joint legal custody of the children. Levoir was designated as the primary residential custodian. However, a review of correspondence from the court-designated family therapist filed in the record in March 2002 indicates that the parties were making efforts to implement a "shared parenting" agreement.

By May 2002, the parties had reached an accord with respect to their parenting time with the children. Plattner then asked the court to re-evaluate his child support obligation. The court concluded that each of the parties had an earning capacity of $80,000.00 per year and figured Plattner's child support obligation at $1,072.38 per month. He was ordered to pay that sum to Levoir for the benefit of the children.

In November 2002, Levoir suddenly moved to New Hampshire. Although Plattner became the children's *de facto* primary residential custodian, Levoir was not ordered to pay child support. In April 2003, Levoir returned to live in Kentucky, and the court ordered that the children were to reside with her every weekend. Eventually, the children began residing with Levoir on Wednesdays, and Thursdays and on each alternating Friday, Saturday, and Sunday. Through an agreed order of the court entered in November 2004, the shared parenting arrangement became permanent with neither party designated as the primary residential custodian. Plattner was ordered to pay to Levoir the sum of $1,103.63 per month to satisfy his child support obligation.

In May 2005, Plattner filed a motion requesting the court to review his child support obligation. He argued that a substantial reduction in his obligation was warranted in view of the fact that Levoir's annual earnings had increased significantly. He also contended that a strict application of the statutory child support guide-

lines was inappropriate since the parties shared both legal and physical custody of the children.

Following an evidentiary hearing, the court concluded that Plattner's earning capacity was $6,838.00 per month and that Levoir's earning capacity was $6,175.00 per month. The court also noted that Plattner paid $30.00 per month for health insurance for the minor children and that he incurred work-related childcare expenses. The court rejected Plattner's contention that a deviation from the guidelines was justified, however, and Plattner was ordered to pay to Levoir the sum of $1,025.25 per month for the support and maintenance of the two children. In a subsequent order, Plattner's child support obligation was amended to $884.55 per month due to a clerical misapplication of the guidelines. This appeal followed.

■ On appeal, Plattner contends that the trial court erred by failing to conclude that a deviation from the guidelines was warranted under the circumstances of this case. Because the parties earn nearly the same income and participate in an alternating, continuous physical custody arrangement, Plattner argues that he should not be ordered to pay to Levoir any part of his child support obligation. He essentially claims that they are in a wholly equalized financial posture with respect to the children, a fact that renders his payment of child support inequitable.

Levoir has not filed a brief with this court. Under these circumstances, the provisions of Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) permit the panel to reverse the judgment if the appellant's brief reasonably appears to support such a result. We agree that Plattner's brief justifies the reversal he seeks.

■ Within statutory parameters, the establishment, modification, and enforcement of child support obligations are left to the sound discretion of the trial court.

*Van Meter v. Smith,* 14 S.W.3d 569 (Ky. App.2000). However, this discretion is not unlimited. *Keplinger v. Keplinger,* 839 S.W.2d 566 (Ky.App.1992). It must be fair, reasonable, and supported by sound legal principles. *Downing v. Downing,* 45 S.W.3d 449 (Ky.App.2001).

In this case, the parties share joint **physical** as well as joint **legal** custody of their two children. Plattner attests that the children reside with him each Monday and Tuesday and each alternating Friday, Saturday, and Sunday. The children spend each Wednesday and Thursday and each alternating Friday, Saturday, and Sunday with Levoir. Because he has a more flexible work schedule, Plattner attends medical appointments and stays at home with the children when either of them is ill.

■ While Kentucky's child support guidelines do not contemplate such a shared custody arrangement, they do reflect the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes. They also provide a measure of flexibility that is particularly relevant in this case. Under the provisions of KRS 403.211(2) and (3), a trial court may deviate from the child support guidelines when it finds that their application would be unjust or inappropriate. The period of time during which the children reside with each parent may be considered in determining child support, and a relatively equal division of physical custody may constitute valid grounds for deviating from the guidelines. *Brown v. Brown,* Ky.App. 952 S.W.2d 707 (Ky.App.1997); *Downey v. Rogers,* 847 S.W.2d 63 (Ky.App.1993).

In *Downey v. Rogers,* 847 S.W.2d 63 (Ky.App.1993), we declined to conclude that a trial court had abused its discretion by awarding child support where the parties shared **legal** custody and shared equal or almost equal **physical** custody of their

children. However, our conclusion was based, in part, upon the fact that the children's father **had agreed** to pay a portion of his child support obligation to the children's mother. We also noted that the children's father earned twice as much annually as did their mother; thus, her share of the children's expenses was proportionately more cumbersome.

The evidence as described in Plattner's brief is notably different and distinguishable and does not support the conclusion that his child support obligation as reflected in the guidelines should be paid to Levoir. The parties were awarded joint custody of the children, and neither of them was designated as the primary residential custodian. Because physical custody of the children is evenly divided between the parents, they bear an almost identical responsibility for the day-to-day expenses associated with their care. And since there is no significant disparity between the parties' annual income, the expenses necessary to provide a home for the children (even when they are not in residence) are also incurred by each party in equal proportion.

The statutory guidelines offer sufficient flexibility to allow the trial court to fashion appropriate and just child support orders. Under the unique circumstances of this case, we conclude that the trial court erred by awarding child support to Levoir.

For the foregoing reasons, we reverse the judgment of the Kenton Circuit Court and remand this case for entry of an order consistent with this opinion.

ALL CONCUR.