**Michael F. DUDGEON, Jr., Appellant,**

v.

**Laurie Kidd DUDGEON, Appellee.**

Nos. 2009–CA–000522–ME,
2009–CA–001013–ME.

Court of Appeals of Kentucky.

July 23, 2010.

Michael L. Hawkins, Frankfort, KY, for appellant.

1. Senior Judge Edwin M. White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken-

Kevin P. Fox, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; CLAYTON, Judge; WHITE,[1] Senior Judge.

## OPINION

TAYLOR, Chief Judge:

Michael F. Dudgeon, Jr., brings Appeal No. 2009–CA–000522–ME from a January 7, 2009, Order made final by Order entered March 2, 2009, and Appeal No. 2009–CA–001013–ME from a May 22, 2009, Order of the Franklin Circuit Court, Family Court Division, (family court) denying motions to modify child support. We vacate and remand Appeal Nos. 2009–CA–000522–ME and 2009–CA–001013–ME.

The facts of this case invite our Court to address an increasingly relevant and onerous dilemma—the proper standard for modification of child support where each parent enjoys nearly equal physical time with the children, each parent earns nearly equal income, and each parent pays nearly equal amounts of other expenses related to the children. We hold that these three specific circumstances are of an "extraordinary nature" rendering the child support guidelines inapplicable under Kentucky Revised Statutes (KRS) 403.211(3)(g) and, thereby, mandating application of the standard for modification of child support found in KRS 403.213(1).

Michael and Laurie Kidd Dudgeon were married in June 1996. Two children were born of the marriage. Subsequently, the parties' marriage was dissolved by a decree of dissolution entered in the family court on April 11, 2006. The decree incorporated a settlement agreement wherein

tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

the parties agreed to share joint custody of their children with neither party being designated "primary custodian." The parties agreed the children would spend "three weekday nights" per week with Laurie, "two weekday nights" per week with Michael, and alternate weekends between the parents. The parties further agreed that Michael would pay Laurie child support of $950 per month.

In 2005, the year the parties separated, Laurie earned approximately $48,153, and Michael earned approximately $99,784.[2] Based upon these figures, Laurie's income consisted of 32.5 percent of the parties' combined income, while Michael's income consisted of 67.5 percent.

On September 2, 2008, Michael filed a motion seeking to modify child support and to "codify" the parties' actual timesharing schedule with the children. Therein, Michael asserted that Laurie's income since the divorce had substantially increased resulting in the current child support award being unfair and unconscionable. Michael also specifically requested that the time-sharing arrangement be "codified" by the court to reflect the actual time the children were spending with each parent.

Following a hearing, the family court denied Michael's motion to modify his child support obligation. The court found that Laurie's annual income increased to $96,000 and that Michael's annual income increased to $114,300. However, the court denied the motion because it believed the increase in Laurie's annual income did not equate to a 15 percent change in the amount of child support owed as required by KRS 403.213(2) to support a modification. As a result, the family court specifically found that Mi-

chael failed to demonstrate a material change in the circumstances that is both substantial and continuing per KRS 403.213(1). As to the timesharing arrangement, the court concluded that the actual time the children were spending with each parent only "changed slightly" from 2005. On March 2, 2009, Michael filed Appeal No. 2009-CA-000522-ME.

We observe from the record that Laurie's annual income increased some $47,847 from her income in 2005. Thus, in 2008, Laurie earned 45.6 percent ($96,000) of the parties' combined annual income, and Michael earned 54.4 percent ($114,300). As to timesharing, Laurie enjoyed physical custody of the children approximately 53.6 percent of the time in a two-week period, and Michael enjoyed physical custody of the children about 46.4 percent of the time in a two-week period. The difference in the amount of custodial time between the parties was attributed to Laurie having the children one extra night in a two-week period. Essentially, the parties' custodial arrangement resulted in a nearly equal division of physical time between Laurie and Michael, the actual difference constituting a mere night every two weeks. The evidence also established that each party, likewise, almost equally shared other expenses associated with the children.

In early May, 2009, Michael filed a Renewed Motion to Modify Child Support on the premise that Laurie's annual income had increased again to $123,384. This represented an increase of $75,231 in her annual income from that of 2005 and an increase of $27,384 from 2008. By order entered May 22, 2009, the family court summarily denied the motion, and on May 27, 2009, Michael filed Appeal No. 2009–

---

**2.** The income figures are based upon the 2005 joint tax returns of Michael F. Dudgeon, Jr., and Laurie Kidd Dudgeon.

CA–001013–ME. The appeals were subsequently consolidated for review by this Court.

### *APPEAL NO. 2009–CA000522–ME AND APPEAL NO. 2009–CA–001013–ME*

 In both appeals, Michael challenges the family court's denials of his motions to modify child support. The material facts of this case are undisputed. Resolution of these appeals centers upon a question of law and specifically the proper interpretation of KRS 403.213(1) and (2), which set forth the criteria for modification of child support orders.[3] KRS 403.213 reads, in part:

(1) The Kentucky child support guidelines may be used by the parent, custodian, or agency substantially contributing to the support of the child as the basis for periodic updates of child support obligations and for modification of child support orders for health care. The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

(2) Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances. Application which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances. For the one (1) year period immediately following enactment of this statute, the presumption of material change shall be a twenty-five percent (25%) change in the amount of child support due rather than the fifteen percent (15%) stated above.

KRS 403.213(1) and (2).

Under KRS 403.213(1), a child support order may be modified "upon a showing of material change in circumstances that is substantial and continuing." And, KRS 403.213(2) sets forth two separate presumptions pertaining to modification of child support. KRS 403.213(2) initially creates a rebuttable presumption that a material change in circumstances exists if the amount of child support owed per month would be altered at least 15 percent as calculated under the child support guidelines in KRS 403.212. Conversely, subsection (2) of KRS 403.213 also creates a rebuttable presumption that no material change in circumstances exists if the amount of child support owed per month would not be altered at least 15 percent as calculated under the child support guidelines.

In relying upon KRS 403.213(1) and (2) to deny Michael's motions to modify child support, the family court concluded that Michael failed to demonstrate a 15 percent change in child support owed per month and, thus, had not demonstrated a material change in circumstances. In so conclud-

---

**3.** It is well-established that interpretation and construction of a statute is a matter of law for the Court. *City of Worthington Hills v. Worthington Fire Prot. Dist.*, 140 S.W.3d 584 (Ky. App.2004); *Kearney v. City of Simpsonville*, 209 S.W.3d 483 (Ky.App.2006). And, the application of uncontroverted facts to the law is reviewed *de novo* by the Court of Appeals. *Keeney v. Keeney*, 223 S.W.3d 843 (Ky.App. 2007).

ing, we think the family court erroneously applied the rebuttable presumption in KRS 403.213(2). Our reasoning is as follows.

The child support guidelines are codified in KRS 403.212. The guidelines were originally developed "based on the theory that a child should receive as child support the same proportion of parental income that he or she would have received had the parties lived together as an intact, two-parent family." 16 Louise E. Graham and James E. Keller, *Kentucky Practice–Domestic Relations Law* § 24:15 (3d ed.2008). To calculate child support under the guidelines of KRS 403.212, the combined monthly adjusted parental gross income is located on the child support guideline table and then the corresponding base monthly child support obligation is, likewise, identified.[4] This base monthly child support obligation is then allocated to each parent in proportion to that parent's respective percentage of the aforementioned combined monthly adjusted parental gross income. Thereafter, the amount owing by the noncustodial parent is the proper monthly child support obligation. The guidelines generally assume that one parent is the custodial parent and that the other parent is the noncustodial parent.

In our case, the child support guidelines of KRS 403.212 are inapplicable for two independent reasons. First, Michael and Laurie's combined monthly adjusted parental gross income in 2008 and 2009 ($17,525 and $19,807, respectively) exceeds the uppermost level of the child support guidelines ($15,000). We believe the guidelines are inapplicable by relying upon KRS 403.211(3).

KRS 403.211(3) provides that the child support guidelines in KRS 403.212 shall not be utilized where it would be unjust or inappropriate and sets forth criteria for the court to consider:

(a) A child's extraordinary medical or dental needs;

(b) A child's extraordinary educational, job training, or special needs;

(c) Either parent's own extraordinary needs, such as medical expenses;

(d) The independent financial resources, if any, of the child or children;

(e) Combined monthly adjusted parental gross income in excess of the Kentucky child support guidelines;

(f) The parents of the child, having demonstrated knowledge of the amount of child support established by the Kentucky child support guidelines, have agreed to child support different from the guideline amount. However, no such agreement shall be the basis of any deviation if public assistance is being paid on behalf of a child under the provisions of Part D of Title IV of the Federal Social Security Act; and

(g) Any similar factor of an extraordinary nature specifically identified by the court which would make application of the guidelines inappropriate.

KRS 403.211(3) (footnote omitted). Thus, under KRS 403.211(3)(e), application of the child support guidelines is inappropriate because Michael and Laurie's combined monthly adjusted parental gross income exceeds the upper level of the guidelines.

Second, and perhaps more importantly, are the parties' particular familial circumstances—nearly equal physical time with

---

**4.** For purposes of determining child support, the monthly adjusted parental gross income will ordinarily be calculated by combining the "actual gross income of each parent." *See* 16

Louise E. Graham and James E. Keller, *Kentucky Practice–Domestic Relations Law* § 24.19 (3rd ed.2008).

the children, nearly equal income, and nearly equal expenditures for child-related expenses. For the reasons that follow, we hold that these three particular circumstances are of "an extraordinary nature" rendering application of the guidelines inappropriate and unjust under KRS 403.211(3)(g). See *Downey v. Rogers*, 847 S.W.2d 63 (Ky.App.1993).

The child support guidelines found in KRS 403.212 "do not contemplate ... a shared custody arrangement" between parents. *Plattner v. Plattner*, 228 S.W.3d 577, 579 (Ky.App.2007). Rather, the child support guidelines were designed so that child support would be paid by the noncustodial parent to the custodial parent.[5] It must be recognized that the guidelines were intended to apply to a traditional post-dissolution familial model where one parent (usually the mother) was the primary custodial parent and earned substantially less income than the noncustodial parent (usually the father). By contrast, the modern complexities of family life have resulted in myriad and unique familial circumstances. Strict application of the child support guidelines contained in KRS 403.212 to these myriad and unique familial circumstances often leads to unjust results. To avoid such, our courts must be fully cognizant of and give credence to these myriad and unique familial circumstances when considering child support. KRS 403.211(3) provides our Courts with such a mechanism.

Under the unique familial circumstances of this case, Michael and Laurie earn nearly equal incomes and, concomitantly, exercise nearly equal physical custody of the children. Also, they share almost equally other expenses associated with the children. These three particular circumstances are of an extraordinary nature under KRS 403.211(3)(g). Indeed, it is manifestly unjust and inequitable to require Michael to pay Laurie $950 per month in child support when each earns nearly equal income, exercises nearly equal physical custody of the children, and shares nearly equal expenses associated with the children. It is beyond cavil that such inequitable result was ever intended by the General Assembly. While a determination of extraordinary circumstances is generally within the discretion of the circuit court, the circumstances of this case mandate such a result and serve as an apotheosis of extraordinary circumstances as contemplated under KRS 403.211(3)(g). *See* KRS 403.211(4). Thus, in this case, we conclude that application of the child support guidelines would be unjust per KRS 403.211(3)(g).

■ As the child support guidelines in KRS 403.212 are inapplicable, it was error for the family court to deny Michael's motions to modify child support based upon the rebuttable presumption of KRS 403.213(2). As hereinbefore stated, KRS 403.213(2) creates two separate rebuttable presumptions pertaining to modification of child support. If the amount of child support would increase or decrease at least 15 percent upon application of the child support guidelines, KRS 403.213(2) establishes a rebuttable presumption that a material change in circumstances exists, thus supporting modification of support. If there is less than a 15 percent increase or decrease per application of the child support guidelines, KRS 403.213(2) establishes a rebuttable presumption of no material change in circumstances. Under either rebuttable presumption, KRS 403.213(2) requires that the increase or decrease of 15 percent in the amount of child support

---

5. A narrow exception has been recently promulgated into the child support guidelines and is limited to "split custody" arrangements. KRS 403.212(6).

owed is to be calculated per the child support guidelines.[6] Where application of the child support guidelines is unjust or inappropriate by operation of KRS 403.211(3), it is axiomatic that the rebuttable presumptions contained in KRS 403.213(2) are, likewise, inapplicable. Additionally, without application of the child support guidelines, the calculation of a 15 percent increase or decrease would lack precise quantification.

Accordingly, we interpret the rebuttable presumptions found in KRS 403.213(2) as inapplicable in modification of child support cases where application of the child support guidelines have been determined unjust or inappropriate under KRS 403.211(3). In these cases, the proper standard for modification of child support is found in KRS 403.213(1) and simply requires a "showing of a material change in circumstances that is substantial and continuing."

In sum, we conclude that the child support guidelines are inapplicable for two independent reasons—(1) Michael and Laurie's combined monthly gross income exceeds the uppermost level of the child support guidelines rendering application of the guidelines inappropriate, and (2) the familial circumstances herein are of an extraordinary nature rendering application of the child support guidelines unjust. *See* KRS 403.211(3)(e) and (g). As the child support guidelines are inapplicable, the rebuttable presumption found in KRS 403.213(2) concerning modification of child support is, likewise, inapplicable. Hence, the proper standard for modification of child support is found in KRS 403.213(1) and is simply whether there exists a material change in circumstances that is substantial and continuing. We, thus, believe the family court erred by relying upon the rebuttable presumption found in KRS 403.213(2) as a basis for denying Michael's motions to modify child support. Consequently, we vacate the family court's January 7, 2009, and May 22, 2009, orders denying Michael's motions to modify child support. Upon remand, the family court shall reconsider Michael's motions to modify child support in accordance with KRS 403.213(1).

We view Michael's remaining contentions of error either moot or without merit.

For the foregoing reasons, the Orders of the Franklin Circuit Court, Family Court Division, are vacated and this cause is remanded for proceedings consistent with this opinion.

ALL CONCUR.

**6.** KRS 403.213(2) reads that "[a]pplication of the Kentucky child support guidelines ... which results in ... a fifteen percent (15%) change...."