RENDERED:  JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1220-MR

TERESA K. WILLIAMS (FKA RUIZ
AND CAO)                                                                APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM HARDIN CIRCUIT COURT<br>HONORABLE M. BRENT HALL, JUDGE<br>ACTION NO. 20-CI-00012 |

MICHAEL RUIZ; COMMONWEALTH
OF KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES;
AND HARDIN COUNTY
ATTORNEY'S OFFICE, DIVISION OF
CHILD SUPPORT                                                          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Teresa K. Williams appeals the Hardin Circuit Court's orders,

entered July 27, 2020, and September 18, 2020, retroactively reducing Michael

Ruiz's child support obligation. After careful review of the record, briefs, and law, we reverse and remand for further proceedings consistent with this Opinion.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Williams and Ruiz were previously married and have two minor children. In January 2020, Ruiz registered with the Hardin Circuit Court a May 23, 2017, order setting his monthly child support obligation at $1,700. On January 22, 2020, citing a reduction in his income, Ruiz moved to modify his child support obligation retroactively to August 2018. After a hearing, the court entered a succinct order on July 27, 2020, reducing Ruiz's support to $1,213.92 per month, retroactive to February 1, 2020, and providing an offset of $135.02 per month for 18 months to allow Ruiz to recoup five months of overpayments.

Williams timely moved to alter, amend, or vacate the judgment and for specific findings of fact, pursuant to CR[1] 59.05 and CR 52.02, respectively. The court denied the motion to alter, amend, or vacate, but did set forth additional findings of fact in its September 18, 2020, opinion and order. Therein, the court found that the parties' combined gross monthly income was $20,292.97, which the court noted exceeds the maximum income provided by the Kentucky child support

---

[1] Kentucky Rules of Civil Procedure.

guidelines.[2] The court "decline[d] to guess at an amount beyond the maximum guideline child support amount[,]" and, accordingly, found that the total child support obligation was $1,924.38, the maximum child support guidelines amount required for two children, plus insurance. Taking into consideration Ruiz's proportion of the joint income, less an offset for his contribution to insurance, the court determined that support should be modified to $1,213.92 per month. This appeal timely followed.

## STANDARD OF REVIEW

Child support determinations are reviewed for an abuse of discretion. *McCarty v. Faried*, 499 S.W.3d 266, 271 (Ky. 2016). A court abuses its discretion if its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "'[G]enerally, as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings.'" *McCarty*, 499 S.W.3d at 271 (quoting *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000)).

---

[2] Effective June 29, 2021, Kentucky Revised Statutes (KRS) 403.212 was amended expanding the child support guidelines to encompass parental income up to $30,000 monthly and adjusting the obligation amounts. As this action preceded the amendment, we apply the prior version of the statute, KRS 403.212 (2019), effective 6-27-19, which limited the child support guidelines to monthly incomes of up to $15,000.

**ANALYSIS**

Williams's first claim on appeal is that the court erred in modifying Ruiz's child support by inappropriately applying the guidelines where there was no evidence or finding regarding the financial needs of the children.[3] We agree that the court abused its discretion; consequently, we need not reach Williams's second claim that the court erred in granting the motion retroactively.

Where the income of parents exceeds the Kentucky child support guidelines, a court is required to use its discretion in setting support. KRS 403.212(5). As Williams notes, in *Downing v. Downing*, 45 S.W.3d 449, 456 (Ky. App. 2001), this Court held that where the guidelines were not applicable, it was an abdication of discretion for a court to merely apply a mechanical calculation in setting support. Herein, despite finding that the parties' income exceeded the guidelines, the court refused to use its discretion in setting support and instead deferred to the maximum amount permitted by the guidelines–a practice that was soundly rejected by the court in *Downing*. *Id.* *See also Dudgeon v. Dudgeon*, 318 S.W.3d 106 (Ky. App. 2010), wherein this Court held that the child support

---

[3] We note that to modify child support, the court must find that there has been a material change in circumstances that is substantial and continuing. KRS 403.213(1). Herein, the court neither cited this statute nor made such a finding; however, Williams has not raised this issue on appeal. Accordingly, we will confine our review to the propriety of the court's support calculation.

guidelines shall not be utilized to calculate child support where the parties' combined income exceeds the guidelines.

Further, pivotal to setting support, especially where the guidelines are inapplicable, the children's reasonable needs must be considered by the court. *See McCarty* and *Downing*. As the party seeking modification, Ruiz had the burden of proof. *Wilson v. Inglis*, 554 S.W.3d 377 (Ky. App. 2018). Herein, no evidence was presented regarding whether the needs of the children had decreased and, in consequence, the court failed to provide the necessary supportive findings. Accordingly, we must conclude that the court abused its discretion in granting modification.

## CONCLUSION

Therefore, and for the foregoing reasons, we REVERSE the orders and judgments of the Hardin Circuit Court and REMAND this matter for the court to enter an order denying, without prejudice, Ruiz's motion to modify child support for Ruiz's failure to present sufficient evidence to support modification.

ALL CONCUR.

BRIEF FOR APPELLANT:

William D. Tingley
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE
MICHAEL RUIZ:

Jeremy S. Aldridge
Elizabethtown, Kentucky