RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1096-MR

EDWIN O. TORRES HERNANDEZ                            APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.        HONORABLE PAMELA ADDINGTON, SPECIAL JUDGE
ACTION NO. 14-CI-01123


SARAH JANE MUFFETT (NOW                       APPELLEE
BELLAMY)


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant, Edwin Torres, appeals the Daviess Circuit Court's

Order denying Appellant's Motion to Modify Child Support. Having reviewed the

record, we affirm.

Appellant and Appellee have one child together; they were never

married. On September 19, 2017, the Daviess Circuit Court entered a final order

concerning Appellant's child support obligations. However, on February 8, 2019, Appellant filed a Motion to Modify Child Support, which the circuit court denied on February 12, 2020. Appellant then filed a motion to reconsider modifying child support. On May 26, 2021, the circuit court heard evidence concerning whether child support payments should be modified. The circuit court's denial of this motion is the only decision under review, although the motion is but one of several filed in that court by both parties.

On the issue of child support payments, the circuit court heard the following testimony and accompanying evidence: (1) Appellant is an undocumented immigrant who worked under several aliases and social security numbers; and (2) he produced various W-2 forms, tax returns, and bank statements, all of which showed different amounts earned, deposited, or claimed as income. Based on this evidence, the circuit court concluded Appellant failed to properly document his income for the court's analysis of whether to modify Appellant's child support payments. Accordingly, the circuit court denied the motion.

This appeal now follows.

On appeal, Appellant first argues the circuit court erred by failing to consider evidence the parties share parenting time. Second, Appellant argues the circuit court erred by rejecting Appellant's income evidence because evidence of the same nature formed the basis of the initial award of support.

-2-

Appellate courts review any challenge to modify child support obligations for abuse of discretion. *Plattner v. Plattner*, 228 S.W.3d 577, 579 (Ky. App. 2007). "The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Wilson v. Inglis*, 554 S.W.3d 377, 381 (Ky. App. 2018) (quoting *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001) (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000))). Thus, "generally, as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings." *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000) (citation omitted).

We are not persuaded that the circuit court failed to properly consider the parties' shared parenting time. The record does not indicate the issue was preserved or that the circuit court addressed the issue in any way. Such a record supports our conclusion the circuit court did not believe the shared parenting justified deviation from the child support guidelines. *Bronk v. Commonwealth*, 58 S.W.3d 482, 484 n.1 (Ky. 2001) ("the silent record supports the action of the trial court").

Appellant claims the error is in the court's failure to address the possibility of deviation from the guidelines. But that is not our focus on appellate

review.  Instead, we consider whether the circuit court abused its discretion when it denied Appellant's motion, despite the parties sharing co-parenting time.  Nothing presented by Appellant, nor anything in the record demonstrates the circuit court abused its discretion.  The circuit court did not deviate from the applicable guidelines.  Whether the reason was because the issue never came up or because it was the court's conscious decision is irrelevant.  We find no basis for claiming the failure to deviate was an abuse of discretion because failing to do so was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

Appellant's second argument fails because "[a] party seeking modification of child support must demonstrate 'a material change in circumstances that is substantial and continuing.'" *Wilson*, 554 S.W.3d at 382 (quoting KRS[1] 403.213(1)); *see also Tilley v. Tilley*, 947 S.W.2d 63, 65 (Ky. App. 1997).  The argument that the evidence presented for modification is the same evidence that supported the circuit court's determination of the original child support obligation impliedly shows no material change in circumstances.  Nor does Appellant make an express claim that his circumstances have changed.

For the foregoing reasons, we affirm.

ALL CONCUR.

---

[1] Kentucky Revised Statutes.

BRIEF FOR APPELLANT:   BRIEF FOR APPELLEE:

Steven L. Boling     Tyler H. Johnson
Owensboro, Kentucky    Owensboro, Kentucky